**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 13-10275-PBS |
| v. | ) | |
| | ) | |
| DAMIEN HESS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

September 26, 2014

Saris, U.S.D.J.

Defendant Damien Hess has been charged with one count of conspiracy and seven counts of wire fraud for allegedly participating in a scheme to defraud unsuspecting borrowers. (Docket No. 3). According to the indictment, Hess was the Chief Executive Officer of Quest Capital Finance (Quest), a company incorporated in Nevada with its headquarters in California. Hess allegedly e-mailed potential borrowers, stating that Quest had the ability to lend them millions of dollars. The only catch was that the borrowers first needed to deposit a sizable sum of money into an escrow account, where the funds would be held while Quest processed the loan. Hess allegedly embezzled these funds, and none of the victims received the capital or financing they had been promised.

Hess now moves to transfer his trial to the Eastern District of California pursuant to Federal Rule of Criminal Procedure 21(b). After hearing, Defendant's Motion to Transfer (Docket Nos. 90, 91) is **DENIED**.

## DISCUSSION

Federal Rule of Criminal Procedure 21(b) states: "Upon the defendant's motion, the court may transfer the proceeding, or one or more of the counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." "Rule 21(b) links the two requirements-convenience and the interest of justice-and when a rule lists two requirements in the conjunctive, both must be satisfied." United States v. Walker, 665 F.3d 212, 224 (1st Cir. 2011).

In Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240 (1964), the Supreme Court provided a non-exhaustive list of factors to consider when evaluating a Rule 21(b) motion, including: (1) location of the defendant; (2) location of potential witnesses; (3) location of contested events; (4) location of relevant documents; (5) location of counsel; (6) expense to the parties; (7) overall accessibility of the trial location; (8) a given district's docket condition; (9) potential disruption of a defendant's business if the case is not

transferred; and (10) any other special factors in play. Id. at 243-44.

Importantly, the Platt Court noted that the location of a defendant's home "has no independent significance." Id. at 245. Rather, the defendant's place of residence may only be considered insofar as it affects other factors, like the convenience of accessing records, witnesses, and counsel. Id. Also, the Advisory Committee Notes emphasize that Rule 21(b) "requires the court to consider the convenience of victims-as well as the convenience of the parties and witnesses and the interests of justice-in determining whether to transfer all or part of the proceeding to another district for trial." Fed. R. Crim. P. 21 advisory committee's note to 2010 amendment.

District courts have "substantial discretion" to balance the various Rule 21(b) factors. Id.; see also United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990) ("No one of these considerations is dispositive, and it remains for the court to try to strike a balance and determine which factors are of greatest importance.").

Against this legal backdrop, Hess has not shown that transferring his trial is warranted by convenience or the interests of justice. Hess is no doubt correct that it is an inconvenience for him to travel from California to Massachusetts for the trial, and the costs of airfare and accommodations may be

3

significant. But any inconvenience to Hess is outweighed by the convenience of the victims, witnesses, and attorneys. Two alleged victims (brothers), several potential witnesses and all the attorneys live in Massachusetts. The other victims generally live closer to Massachusetts than California.

Hess also raises several other practical concerns, suggesting that: (1) most of the alleged fraud took place in California; (2) most documents and records are in California; and (3) his witnesses will be coming from the "western part of the country." But none of these arguments-individually or collectively-is persuasive.

First, Hess may be right that some of the contested events in the trial will involve locations and settings in California. But many victims were not in or near California when they received the allegedly fraudulent e-mails from Hess via a Massachusetts server. At least one victim will testify to receiving fraudulent e-mails from Hess while in Massachusetts. Other witnesses will testify to being defrauded in Michigan, Florida, Texas, and Idaho. As a result, California is certainly not the only location where relevant events took place.

Second, Hess has not explained in detail what documents or evidence he will need to transport from California to Massachusetts for trial. In any event, the transportation of documents has virtually become irrelevant in the digital age. See

United States v. Sorensen, 2014 WL 585330, at *4 (D. Colo. Feb. 14, 2014) (observing that the location of documents and records is neutral "[i]n light of the availability of electronic documents and records"); United States v. Young, 2012 WL 5397185, at *4 (D. Utah 2012) ("In the current electronic age in which most documents can be easily scanned and sent digitally to just about any location, and in which transportation of tangible objects is rapid and reliable, this factor seems of minimal importance."). Additionally, Hess has not provided information regarding the witnesses he plans to call, where they live, or why it would be difficult for them to testify in Massachusetts. Defendant has not provided a specific showing of prejudice to support his query to transfer this case from its original district. See United States v. Noetzel, 124 F.R.D. 518, 520 (D. Mass. 1989) (finding the degree of prejudice unclear without a more detailed showing of the facts pertaining to defendant's proposed witnesses); see also United States v. U.S. Steel Corp., 233 F. Supp. 154, 157 (S.D.N.Y. 1964) ("As a general rule a criminal prosecution should be retained in the original district.").

For these reasons, the Court finds that the interests of convenience and justice weigh in favor of denying Hess's motion to transfer his trial to the Eastern District of California.

**ORDER**

Defendant's Motion to Transfer (Docket Nos. 90, 91) is **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge